UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA EARL BECK, | 1: 05 CV 01217 AWI WMW HC |
| Petitioner, | |
| | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MIKE EVANS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. Respondent opposes the petition.

**PROCEDURAL HISTORY**

Petitioner was convicted of auto theft, burglary, and attempted auto theft in Stanislaus County Superior Court. A number of sentencing enhancements were found true. On February 7, 2003, the court sentenced Petitioner to an indeterminate state prison term of fifty years to life.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District. On April 24, 2004, the Court of Appeal affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which denied review on June 23, 2004.

Petitioner did not file any state post-conviction collateral challenges. Respondent concedes

that Petitioner has exhausted his state judicial remedies as to the contentions raised in the present petition.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

1  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
2  determination of the facts in light of the evidence presented in the State Court proceeding." 28
3  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
4  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
5  S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court
6  concludes in its independent judgment that the relevant state-court decision applied clearly
7  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,
8  that application must be objectively unreasonable." Id. (citations omitted).

9      When, as here, the California Supreme Court's opinion is summary in nature, this court
10 "looks through" that decision and presumes it adopted the reasoning of the California Court of
11 Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S.
12 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look
13 through" presumption that higher court agrees with lower court's reasoning where former affirms
14 latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000)
15 (holding federal courts look to last reasoned state court opinion in determining whether state court's
16 rejection of petitioner's claims was contrary to or an unreasonable application of federal law under §
17 2254(d)(1)).

18     While habeas corpus relief is an important instrument to assure that individuals are
19 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
20 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
21 conviction is the primary method for a petitioner to challenge that conviction. Brecht v.
22 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual
23 determinations must be presumed correct, and the federal court must accept all factual findings made
24 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
25 convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
26 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
27 1388 (9th Cir. 1997).
28 //

**DISCUSSION**

USE OF JUVENILE PRIORS

Petitioner contends that the use of his prior juvenile adjudications to increase the length of his sentence violates the principles set forth in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Respondent disputes this contention.

In Boyd v. Newland, 467 F.3d 1139 (2006), cert. denied, 127 S.Ct. 2249 (2007), the Ninth Circuit directly address and rejected Petitioner's contention as follows:

> Finally, Petitioner contends that the state court violated clearly established federal law by using a nonjury juvenile adjudication to increase his sentence from three to six years. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) Petitioner argues that a juvenile adjudication does not qualify as a "conviction" under the Apprendi exception.
>
> [14]  We have held that the Apprendi "prior conviction" exception encompasses only those proceedings that provide a defendant with the procedural safeguards of a jury trial and of proof beyond a reasonable doubt. United States v. Tighe, 266 F.3d 1187, 1194 (9th Cir.2001). Consequently, we do not recognize nonjury juvenile*1152 adjudications as "convictions" falling within the Apprendi exception, and ordinarily we do not allow sentencing enhancements based on such adjudications. Id. at 1194-95.
>
> California courts disagree with Tighe. They conclude that Apprendi does not preclude the use of nonjury juvenile adjudications to enhance the sentence of an adult offender. See, e.g., People v. Bowden, 102 Cal.App.4th 387, 125 Cal.Rptr.2d 513, 517 (2002) ("[T]he Tighe majority opinion is unpersuasive, and we decline to follow or extend its reasoning in the context of the Three Strikes law."). But see People v. Smith, 110 Cal.App.4th 1072, 1 Cal.Rptr.3d 901, 907-29 (2003) (Johnson, J., concurring in part and dissenting in part) (relying on Tighe to argue against the use of a prior nonjury juvenile conviction to enhance a defendant's sentence). Likewise, the Third, Eighth, and Eleventh Circuits have held that the Apprendi "prior conviction" exception includes nonjury juvenile adjudications, which can be used to enhance a defendant's sentence. United States v. Burge, 407 F.3d 1183, 1190-91 (11th Cir.) (holding that a juvenile adjudication may be used as a "prior conviction" for Apprendi purposes), cert. denied, 546 U.S. 981, 126 S.Ct. 551, 163 L.Ed.2d 467 (2005); United States v. Jones, 332 F.3d 688, 696 (3d Cir.2003) (stating that "we find nothing in Apprendi or Jones, two cases relied upon by the Tighe court ..., that requires us to hold that prior nonjury juvenile adjudications that afforded all required due process safeguards cannot be used to enhance a sentence"); United States v. Smalley, 294 F.3d 1030, 1033 (8th Cir.2002) ("We therefore conclude that juvenile adjudications can rightly be characterized as 'prior convictions' for Apprendi purposes, and that the district court did not err in increasing [the defendant's] sentence based on his prior juvenile adjudications."); cf. Note, Constitutional Law-Right to Jury Trial-Eighth Circuit Holds an Adjudication of Juvenile Delinquency to Be a "Prior Conviction" for the Purposes of Sentence Enhancement at a Subsequent Criminal Proceeding, 116 Harv. L.Rev. 705, 708 (2002) (comparing various circuits' approaches and suggesting that " Tighe's understanding of the jury trial right is more consistent with the implications of the Supreme Court's recent jury trial jurisprudence"). To

date, the Supreme Court has not resolved the conflict.

[15] Although we are not suggesting that Tighe was incorrectly decided, as some of these varying interpretations of Apprendi suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In general, Ninth Circuit precedent remains persuasive authority in determining what is clearly established federal law. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999) (stating that Ninth Circuit case law may be used to help determine clearly established federal law). But, in the face of authority that is directly contrary to Tighe, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

In light of this authority, the court finds that Petitioner cannot carry his burden on this contention and that this contention presents no basis for habeas corpus relief.

EQUAL PROTECTION

Petitioner contends that the use of his prior nonjury juvenile adjudication to increase the length of his sentence violates Equal Protection principles.

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no

1  rational basis for the difference in treatment. <u>Village of Willowbrook</u>, 528 U.S. at 564.  If an equal
2  protection claim is based upon the defendant's selective enforcement of a valid law or rule, a
3  plaintiff must show that the selective enforcement is based upon an "impermissible motive." <u>Squaw</u>
4  <u>Valley</u>,  375 F.3d at 944; <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir.1995).

5       It is well established that there is no constitutional right to a jury in juvenile proceedings
6  under either federal or California law.  <u>McKeiver v. Pennsylvannia</u>, 403 U.S. 528 (1971); <u>In re Scott</u>
7  <u>K.</u>, 24 Cal.3d 395, 402 (1979).   As Respondent argues, because there is no denial of equal
8  protection in the denial of a jury trial in Petitioner's underlying juvenile proceeding, it follows that
9  there is no denial of equal protection in the use of the adjudication of that hearing.  Accordingly, the
10 court finds that Petitioner cannot carry his burden of demonstrating that the state court's adjudication
11 of this contention "resulted in a decision that was contrary to, or involved an unreasonable
12 application of, clearly established Federal law, as determined by the Supreme Court of the United
13 States;" or "resulted in a decision that was based on an unreasonable determination of the facts in
14 light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  This contention
15 therefore presents no basis for habeas corpus relief.

16 <u>Brady Violation</u>

17      Petitioner contends that the prosecution failed to disclose exculpatory evidence, in violation
18 of  <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).  Specifically, Petitioner claims that the prosecution
19 failed to disclose that the alleged carjacking victim told police she did not want to pursue charges
20 and that she was not afraid during the incident.  Respondent disputes this contention.

21      In <u>Brady</u>, the Supreme Court held that "the suppression by the prosecution of evidence
22 favorable to an accused upon request violates due process where the evidence is material either to
23 guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." See also
24 <u>Strickler v. Greene</u>, 527 U.S. 263, 280-281 (1999).  The Supreme Court has stated that the duty to
25 disclose such evidence is applicable even though there has been no request by the accused.  <u>United</u>
26 <u>States v. Agurs</u>, 427 U.S. 97, 107 (1976).  The duty to disclose encompasses impeachment evidence
27 as well as exculpatory evidence.  <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).  Such evidence
28 is material "if there is a reasonable probability that, had the evidence been disclosed to the defense,

1  the result of the proceeding would have been different." Id., at 682; see also Kyles v. Whitley, 514
2  U.S. 419, 433-434 (1995).  Additionally, "the rule encompasses evidence 'known only to police
3  investigators and not to the prosecutor.'" Strickler, 527 U.S. at 280, *quoting* Kyles, 514 U.S. at 438.
4  To constitute a Brady violation, the Supreme Court has set forth a three-part test: 1) "The evidence at
5  issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching";
6  2) "[T]hat evidence must have been suppressed by the State, either willfully or inadvertently"; and 3)
7  "[P]rejudice must have ensued." Strickler, 527 U.S. at 218-282.
8         In this case, the Court of Appeal held that, "the fact that Lorrie Waldroup was not
9  subjectively afraid at the time [Petitioner] pulled the handle of her vehicle was not material to
10 [Petitioner's] guilt or innocence of the substantive offense of attempted carjacking under California
11 law." A determination of state law by a state appellate court is binding in a federal habeas action,
12 Hicks v. Feiock, 485 U.S. 624, 629 (1988), unless the interpretation is an "obvious subterfuge to
13 evade consideration of a federal issue." Mullaney v. Wilbur, 421 U.S. 684, 691 n. 11 (1975).  In this
14 case, the court finds that the Court of Appeal's determination on the materiality of the fact of the
15 victim's lack of fear is not a subterfuge to avoid a federal issue.  Accordingly, the Court of Appeal's
16 determination that the fact was not material is binding on this court.  Because the fact was not
17 material, no prejudice could have resulted from the prosecution not disclosing it.  Accordingly, the
18 court finds that Petitioner cannot carry his burden of demonstrating that the state court's adjudication
19 of this contention "resulted in a decision that was contrary to, or involved an unreasonable
20 application of, clearly established Federal law, as determined by the Supreme Court of the United
21 States;" or "resulted in a decision that was based on an unreasonable determination of the facts in
22 light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  This contention
23 therefore presents no basis for habeas corpus relief.

25         Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:
26 1)    the petition for writ of habeas corpus be DENIED; and
27 2)    the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

1  These Findings and Recommendation are submitted to the assigned United States District
2 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the
3 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
4 thirty (30) days after being served with a copy, any party may file written objections with the court
5 and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
6 Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within
7 ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will
8 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are
9 advised that failure to file objections within the specified time may waive the right to appeal the
10 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 **Dated:   April 28, 2008**            **/s/  William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE